**Navgit Singh WALIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73723.

Agency No. A72–115–938.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 20, 2003.

Alan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michelle R. Slack, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Navgit Singh Walia, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an Immigration Judge ("IJ") denying his applications for asylum and withholding of removal and for relief under the Convention Against Torture.

We have jurisdiction pursuant to 8 U.S.C. § 1252(b). Because the BIA affirmed without opinion, this court reviews the IJ's opinion. *See* 8 C.F.R. § 1003.1(a)(7). Findings made by the IJ are reviewed for substantial evidence and will be upheld "unless the evidence compels a contrary conclusion." *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090–91 (9th Cir.2000) (internal quotation marks and citation omitted). We deny Walia's petition.

The IJ's adverse credibility determination is supported by substantial evidence and specific, cogent reasons. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). As the IJ noted, Walia provided vague and inconsistent testimony about, among other things, the circumstances and timing of his initial encounter with the police, whether he knew the affiliation of the militants who threatened him in his home, and whether and how he knew that his acquaintances had been arrested. Walia therefore failed to establish eligibility for asylum or withholding of removal. *See id.* at 393–94. Walia also failed to establish eligibility for relief under the Convention Against Torture. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (quoting 8 C.F.R. § 208.16(c)(2)).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.